UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X
MARNI WEXLER, individually and on behalf of a class

Plaintiff,

v.

JZANUS LTD.

Defendant.
---------------------------------------------X

**CV 13-5565**

**COMPLAINT**

SEYBERT, J.
WALL, M.J.

FILED
IN CLERKS OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 07 2013 ★
BROOKLYN OFFICE

**INTRODUCTION**

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Jzanus Ltd.("Jzanus"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA's Section entitled "Congressional findings and declaration of purpose" states:

(a) Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction in this District are proper because:

   a. Plaintiff resides within this district;

    b.    Defendant does business within this district;

    c.    The occurrences giving rise to this action happened in this district.

## PARTIES

5. Defendant, Jzanus, has an address of 170 Jericho Turnpike, Attn: Mr. Hilary Rolin in Floral Park, NY 11001.

6. Plaintiff is a resident of Nassau County, New York and as it relates to this action is a "consumer" as defined by the FDCPA.

## FACTS

7. On or about Thursday September 5th, 2013 at 10:25am, Jzanus left the following message on plaintiff's cell phone ending in 6497:

> "Hi, good morning, my name is Jaqueline and this message is for Marni Wexler. I will appreciate if you can just give me a call at 516-394-8261. Thank you."

8. On or about Friday September 27th, 2013 at 10:05am, Jzanus left the following message on plaintiff's cell phone ending in 6497:

> "Good morning this message is for Marni Wexler. This is Theresa if you can please return my call at 516-394-8261. Thank you."

9. The voicemails that were left for plaintiff constitute a "communication" as defined by the FDCPA.

10. In leaving the voice message, defendant sought to collect a "debt" as defined by the FDCPA because the charges it attempted to collect arose from medical services.

11. The FDCPA requires voicemails to contain information regarding the identity of the caller as well as the disclosure that it is an attempt to collect a debt.

12. According to its website as of October 1st 2013, www.jzanus.com, Jzanus engages in debt collection activities.

13. Jzanuz is licensed as a debt collector by the New York City Department of Consumer Affairs.

14. Jzanus is a "debt collector" as defined by the FDCPA.

## VIOLATIONS ALLEGED

15. Defendants' conduct violates 15 U.S.C. §§1692, 1692d and 1692e.

16. 15 USC § 1692d entitled "Harassment or abuse" states:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

..............

**(6)** Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

17. 15 USC § 1692e entitled "False or misleading representations" states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

..............

**(11)** The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information

obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

18. Defendant violated the FDCPA because the voice message failed to meaningfully disclose the identity of the caller.

19. Defendant violated the FDCPA because the voice message failed to disclose that it was from a debt collector.

20. Defendant is liable to the plaintiff for damages pursuant to Section "k" of the FDCPA.

## CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

22. The class consists of (a) all individuals (b) with a New York address (c) who have received a phone message from Jzanus (d) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action where (e) Sunrise did not meaningfully disclose its identity by saying that it was a call from Sunrise and/or where Sunrise did not say that it was a debt collector when calling.

23. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

24. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are: (1) whether the leaving of voice messages without

disclosing more than the first name of the caller provides meaningful disclosure of the caller's identity and/or (2) whether the leaving of messages without disclosing that the message is from a debt collector violates the FDCPA.

25. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

26. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

27. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendant for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

Dated: New York, New York
       October _l_, 2013

                                  **The Law Offices of Shimshon Wexler, PC**

                                                  By: _____

Shimshon Wexler (SW0770)  
Attorney for Plaintiff  
216 W. 104th St., #129  
New York, New York 10025  
Tel: (212)760-2400  
Fax: (917)512-6132  
swexleresq@gmail.com